IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DONYAL L. HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:13-cv-2120-JDT |
| | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

ORDER AFFIRMING DECISION OF COMMISSIONER

Plaintiff has filed this action to obtain judicial review of Defendant Commissioner's final decision denying his application for supplemental security income ("SSI") benefits based on disability under the Social Security Act ("the Act"). Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on December 16, 2010.

On June 22, 2011, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. The appeals council affirmed the ALJ's decision. This decision became the Commissioner's final decision. Plaintiff filed this action, requesting reversal of the decision of the Commissioner or a remand. For the reasons set forth below, the decision of the Commissioner is AFFIRMED.

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final

decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g), and whether the correct legal standards were applied. See Lindsley v. Commissioner, 560 F.3d 601, 604–08 (6th Cir. 2009); Kyle v. Commissioner, 609 F.3d 847, 854 (6th Cir. 2010).

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. See Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. See Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). A reviewing court must defer to findings of fact by an appeals council when those findings conflict with the factual findings of the ALJ. Id. at 545.[1]

Plaintiff was thirty-nine years old on the date of the ALJ's decision. R. 128. He completed high school and worked as a cook, deliveryman, and janitor. R. 136, 138. He

---

[1] "The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." D'Angelo v. Commissioner, 475 F. Supp.2d 716, 719 (W.D. Mich.2007), citing Bailey v. Secretary, 1991 WL 310 at * 3 (6th Cir. Jan.3, 1991). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir.1993).

alleges disability due to complications arising from right foot amputation in 1989.

In his decision, the ALJ enumerated the following findings: (1) Plaintiff has not engaged in substantial gainful activity since the application date; (2) Plaintiff has the severe impairment of post-traumatic amputation of the right foot; however, he does not have impairments, either alone or in combination, that meet or equal the requirements of any listed impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1 of the listing of impairments; (3) Plaintiff has the residual functional capacity to perform the full range of sedentary work;(4) Plaintiff is unable to perform his past relevant work; (5) Plaintiff was a younger individual on the application date and has a high school education; (6) Transferability of skills is not material to the determination of disability because Plaintiff's past relevant work was unskilled; (7) Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; (8) Plaintiff was not under a "disability" as defined in the Act at any time through the date of this decision.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. Born v. Secretary, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that she is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Id.

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2. An individual who does not have a severe impairment will not be found to be disabled.
>
> 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.
>
> 4. An individual who can perform work that he has done in the past will not be found to be disabled.
>
> 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(a)(4); Howard v. Commissioner, 276 F.3d 235, 238 (6th Cir. 2002). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. Here, the sequential analysis proceeded to the fifth step. Even though Plaintiff cannot perform his past relevant work, there are other jobs in the national economy that he can perform that exist in substantial numbers.

Plaintiff argues that the ALJ erred when he found that he did not have an impairment or combination of impairments that medically equal any listing section, specifically Listing 1.05. He also argues that the ALJ did not properly weigh his credibility or the opinions of the medical experts. Plaintiff's arguments are unpersuasive. The ALJ's decision shows that he properly applied the relevant standards, and substantial evidence supports a finding that

4

Plaintiff can perform other jobs.

The ALJ found that Plaintiff has a severe impairment of post-traumatic amputation of the right foot. When a claimant alleges that his impairment meets or equals a listed impairment, he must present specific medical findings that satisfy the criteria of the particular listing. See Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001). Not only must a claimant show that he has a diagnosed condition found in the listings, he must also provide medical records documenting that it meets all the requirements of the applicable listing. Hale v. Secretary, 816 F.2d 1078, 1083 (6th Cir. 1987) (citing King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984)); accord Sullivan v. Zebley, 493 U.S. 521, 530 (1990) ("[f]or a claimant to show that [her] impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify" (emphasis in original)).

To satisfy Listing 1.05B, a claimant must have an amputation of "one or both lower extremities at or above the tarsal region, with stump complications resulting in medical inability to use a prosthetic device to ambulate effectively, as defined in 1.00B2b, which have lasted or are expected to last for at least 12 months." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.05B. The ALJ found that Plaintiff failed to show that he had stump complications resulting in the medical inability to use a prosthetic device to ambulate effectively. Although Plaintiff's right foot was amputated, the ALJ found that Plaintiff's inability to ambulate effectively was not because of an inability to use a prosthetic device but, instead, because of the age and quality of his prosthesis. R.170, 177.

It is undisputed that Plaintiff's prosthesis is ill-fitting. Plaintiff argues that he is justified in his failure to obtain a new prosthesis because he cannot afford one. Social Security Ruling (SSR) 82-59 provides for certain circumstances when a claimant's failure to follow prescribed treatment will be generally accepted as "justifiable" and, therefore, the failure would not preclude a finding of disability. One such exception is when "the individual is unable to afford prescribed treatment which he or she is willing to accept, but for which free community resources are unavailable." To satisfy the exception, a claimant's contact with those resources and financial circumstances must be documented. See SSR 82-59. Here, no such documentation is included in the record. Therefore, Plaintiff has failed to show justification for not obtaining a new prosthesis and, thus, has failed to meet his burden of proving that his impairment met or equaled Listing 1.05B.

The ALJ considered all of the relevant evidence in assessing Plaintiff's residual functional capacity, including the objective medical findings, Plaintiff's treatment history, and the opinions of the doctors. The ALJ looked at the June 2009 report and opinion of Bruce Randolph, M.D., a consultative examiner. Plaintiff reported to Dr. Randolph that he experienced pain when he stood or walked with his prosthesis after ten minutes and when he sat due to right hip pain; Plaintiff stated that he spent his time lying down and sitting and reading. R.198. He also washed dishes, washed, ironed, and folded clothes, and drove, and could walk a block, stand for thirty minutes, and sit for ten minutes. Dr. Randolph noted atrophy in Plaintiff's right calf and tibia, R.198, and diagnosed him with status post amputation of the right ankle and foot with subsequent use of prosthesis. R.199.

Joe G. Allison, M.D., a state agency physician, reviewed the evidence and opined that Plaintiff could perform medium work but was limited to standing or walking for two hours and he could never push/pull with his right leg. R.189. Dr. Allison's opinion was consistent with Dr. Randolph's report that Plaintiff could stand for thirty minutes and walk a city block. Michael N. Ryan, M.D., reviewed the evidence and concurred with Dr. Allison's opinion. R.184. The ALJ gave the opinions of Dr. Allison and Dr. Ryan that Plaintiff could stand and/or walk up to two hours in an eight-hour workday great weight.

Lucas V. Boe, CP/LP, drafted a letter in September 2010 stating that he had performed an evaluation of Plaintiff's current prosthesis, which was fifteen years old. R.14, 177. Mr. Boe noted that the prosthesis could no longer be used by Plaintiff because of its condition, leaving him to ambulate with crutches. R. 177.

Plaintiff was examined by Randall T. Wisdom, M.D., a consultative examiner, in April 2011. R.170. Plaintiff reported no significant stump pain other than from the improperly fitting prosthesis, and he stated that he spent most of his day sitting and lying down. Plaintiff did limited chores around the house; he was able to bathe, dress, and feed himself; he could ride in a motor vehicle for extended periods of time. Dr. Wisdom noted that Plaintiff could sit for a prolonged period of time; he could lift more than five pounds from a seated position; he was able to reach overhead; he had good grasp and grip; he could reach in all directions; and he could bend and twist. R.171.

Dr. Wisdom opined that Plaintiff's stump was in good shape, and there was no significant tenderness. R.172. Plaintiff had normal range of motion in all joints, but the

7

muscles in the lower right leg were markedly atrophic. R.172. Dr. Wisdom filled out a medical source statement based on Plaintiff's use of crutches, indicating that Plaintiff could lift up to ten pound sitting and five pounds standing. R.163. Dr. Wisdom opined that Plaintiff could sit for four hours at a time and for eight hours in an eight-hour workday, and Plaintiff could stand or walk with crutches for one hour total each in an eight-hour workday. R.15, 163.

The ALJ gave Dr. Wisdom's opinion limited weight because his lifting and carrying restrictions were based on Plaintiff's complaints and not physical findings and the opinion was overly restrictive and not supported by the record. Substantial evidence supports this decision. As discussed by the ALJ, Plaintiff denied any pain to Dr. Wisdom other than pain from his ill-fitting prosthesis.R.14, 170. Furthermore, Plaintiff indicated to Dr. Wisdom that he had no difficulty sitting for extended periods of time, which is consistent with sedentary work. R.171. Dr. Wisdom's opinion was consistent with most of the demands of sedentary work.

It is the ALJ's responsibility to determine residual functional capacity based on all the relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own description of his limitations. See 20 C.F.R. §§ 404.1545(a) & 404.1546; see also Her v. Commissioner, 203 F.3d 388, 391 (6th Cir. 1999). Here, the ALJ properly considered the medical opinions, including the opinions of the consultative examiners and Plaintiff's subjective complaints and determined Plaintiff's residual functional capacity; this residual functional capacity finding represents Plaintiff's credible limitations

and remaining abilities flowing from his condition. See 20 C.F.R. §§ 404.1546, 416.916; see also Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)(The ALJ's residual functional capacity was within the "zone of choice" supported by substantial evidence). Thus, substantial evidence supports the determination that Plaintiff did not meet all the criteria of Listing 1.05B and that he had the residual functional capacity to perform the full range of sedentary work.

Because there is substantial evidence in the record supporting the Commissioner's decision denying Plaintiff's application for benefits, the decision of the Commissioner is AFFIRMED. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE